**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARRY THOMAS GOLDSBOROUGH,  :
                                              Civil Action No. 10-3275 (RBK)
       Petitioner,  :

       v.  :  **OPINION**

DONNA ZICKEFOOSE,  :

       Respondent.  :

**APPEARANCES:**

Petitioner pro se
Barry Thomas Goldsborough
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640

**KUGLER**, District Judge

    Petitioner Barry Thomas Goldsborough, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The sole respondent is Warden Donna Zickefoose.

    Because it appears from a review of the Petition that this Court lacks jurisdiction, the Petition will be dismissed.

I.  BACKGROUND

    Petitioner is presently confined pursuant to a sentence of 120 months' imprisonment for violations of 18 U.S.C. § 2422(b), attempting to entice minor to engage in illegal sexual activity,

and 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography. See United States v. Goldsborough, Crim. Nos. 06-0139 and 07-0083 (M.D. Tenn.) (judgment entered on Aug. 8, 2007).  This Court can locate no record of any direct appeal of the convictions or of any motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Here, Petitioner asserts that he is entitled to relief on the following grounds:

> GROUND ONE:  ...  Responding party's authority to restrain the liberty of the applicant has been terminated by the action of the Fiduciary, Ellen Fine Levine, offsetting, discharging, and settling any and all claims of debts, obligations, and liabilities associated with account no. 220741303, 3:06-cr-00139 and 3:07-cr-00083.  ....
>
> GROUND TWO:  ...  Responding party's authority to restrain the liberty of the applicant is null and void as the Judgment in a Criminal Case is Void because it was issued in violation of due process of law.  ...
>
> GROUND THREE:  ...  Responding party's authority to restrain the liberty of the applicant is null and void as the Judgment in a Criminal Case is void because it was issued without jurisdiction of the parties and subject matter.  ...

(Petition, ¶ 17 (June 15, 2010).)

The Petition is accompanied by a more detailed statement of facts and a "Fiduciary Appointment and Authorization" which purports to appoint Ellen Fine Levine as a Fiduciary to execute the settlement and closure of an account.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III.   ANALYSIS

Petitioner's challenge to his conviction, pursuant to 28 U.S.C. § 2241, filed here in the district of confinement, is not appropriate.

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his

conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege facts bringing his conviction within the Dorsainvil exception. Petitioner can not demonstrate that his circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. To the contrary, Petitioner's challenges to his conviction are within the scope of claims cognizable on direct appeal or in a § 2255 motion in the district of confinement. Section 2255 is not "inadequate or ineffective" merely because Petitioner failed to timely challenge his conviction by direct appeal, § 2255 motion, or other motions for relief from judgment. Accordingly, this Court lacks jurisdiction

to entertain this challenge to Petitioner's conviction under § 2241.  See Leger v. Zickegoose, 2010 WL 1930595 (D.N.J. May 12, 2010).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Petitioner has not timely pursued his remedies in the court of conviction.  And the challenges presented here appear nonsensical.  Accordingly, it does not appear that it would be in the interest of justice to transfer this Petition to the trial court, as a possible § 2255 motion.

### IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

                                                s/Robert B. Kugler
                                                Robert B. Kugler
                                                United States District Judge

Dated: June 30, 2010